ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 27 2016

JAMES N. HATTEN, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHNNIE R. WINSTON, III | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | 1:16-CV-4018 |
| v. | ) | |
| | ) | |
| KANDI BURRUSS-TUCKER AND KANDI KOATED ENTERTAINMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF**

COMES NOW, Plaintiff, Johnnie R. Winston, III ("Mr. Winston"), and hereby files this Complaint for Damages and Equitable Relief against Defendants, Kandi Burruss-Tucker and Kandi Koated Entertainment, Inc. (collectively referred to as "Defendants") as follows:

**NATURE OF ACTION**

Plaintiff, Johnnie R. Winston, III, brings this action against Defendants for failure to pay overtime and minimum wage in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201 *et seq.* Mr. Winston served as a Studio Manager, Event Planner, and Production Coordinator for Defendants. Beginning on

August 3, 2013 through his termination on February 29, 2016, Defendants failed to pay Mr. Winston the required state minimum wage and overtime wages for time spent working in the recording studio, planning special events, running errands, preparing meals for special events, and attending meetings.

## PARTIES

1.

Mr. Winston is a resident of the State of Georgia. At all times relevant to this action, Mr. Winston was an employee of Defendants within the meaning of the FLSA.

2.

Defendant Kandi Burruss-Tucker is a resident of the State of Georgia. At all times relevant to this action, Ms. Burruss-Tucker was the employer of Mr. Winston within the meaning of the FLSA. Ms. Burruss-Tucker may be served with a copy of a Summons and this Complaint at 525 Carondelett Cove, S.W., Atlanta, Georgia 30331, or in any other manner provided by law.

3.

Defendant Kandi Koated Entertainment, Inc. is a Georgia corporation subject to the jurisdiction of this Court and may be served by delivering a copy of a Summons and this Complaint to its registered agent, Christina Robinson, at 658 Whitehall St., SW, Atlanta, GA 30310, or in any other manner provided by law.

4.

At all material times to this Complaint, Ms. Burruss-Tucker exerted substantial control over Kandi Koated Entertainment, Inc.'s compliance with the FLSA.

5.

Defendants, individually and collectively, are employers within the meaning of the FLSA.

6.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce," pursuant to the FLSA.

7.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. 201, *et. seq.*

8.

At all relevant times, Defendants were aware of the existence and requirements of the FLSA, including, without limitation, the duty to pay the required minimum wage and overtime compensation.

## JURISDICTION AND VENUE

9.

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1367 (a), 29 U.S.C. 1132 and other applicable law.

10.

Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because the unlawful employment practices occurred within the Northern District of Georgia.

11.

Defendants engaged in all of the conduct described herein pursuant to its policy and custom.

12.

Defendants regularly conduct business within this State and District.

13.

Defendants are subject to the jurisdiction of this Honorable Court.

14.

Mr. Winston submits himself to the jurisdiction of this Honorable Court.

## UNDERLYING FACTS

15.

Paragraphs 1-14 are hereby re-incorporated and re-alleged as though fully set forth herein.

16.

Mr. Winston began working for the Defendants on August 3, 2013. Mr. Winston remained employed with Defendants in various capacities until his employment was ultimately terminated on February 29, 2016. Throughout his employment, Mr. Winston was told to follow the instructions of his Supervisor, Don Juan Antonio Clark and Defendant Kandi Burruss-Tucker, to attend mandatory meetings twice each month, and to be available to work seven (7) days each week and at various times of the day. Mr. Winston was not allowed to use his independent business judgment to make decisions. Throughout his employment, Defendants paid Mr. Winston to work five (5) days each week.

17.

From August of 2013 through termination, Mr. Winston worked as Studio Manager for Defendants' studio, the Kandi Factory. In this capacity, Mr. Winston was required to perform general handyman duties, maintain the interior and exterior of the property, perform housekeeping duties, physically open and close the Kandi Factory whenever Defendants scheduled recording sessions with recording artists, drive recording artists to and from the Kandi Factory, run personal errands for Defendant Kandi Burruss-Tucker, and to assist with Defendants' play entitled, A Mother's Love. As a Studio Manager for the Kandi Factory, Mr. Winston was required to work seven (7) days a week and approximately ten (10) to twelve (12) hours each day.

18.

From February of 2014 through termination, Defendants increased Mr. Winston's job duties and changed his title to Event Planner. In this capacity, Mr. Winston was periodically required to assist with the planning and coordinating of special events, including but not limited to, the wedding of Ms. Burruss-Tucker, the Bedroom Kandi Conventions, and the Business Woman's Masterclass. When

working as Defendants' Event Planner, Mr. Winston was required to work seven (7) days each week and approximately twenty (20) hours each day.

19.

In March of 2014, Defendants increased Mr. Winston's job duties and changed his title to Production Coordinator. In this capacity, Mr. Winston was required to act as the third assistant to Ms. Burruss-Tucker and as the Chef for the weekly or semi-weekly taping of Kandi Koated Nights. When working as a Production Coordinator, Mr. Winston was required to work seven (7) days each week and approximately twelve (12) to fourteen (14) hours each day.

20.

On or about April 20, 2015, Defendants terminated Mr. Winston. However, Defendants re-hired him on or about May 1, 2015.

21.

Beginning in August 2013 and continuing through his termination on February 29, 2016, Defendants failed to pay Mr. Winston any overtime pay for performing his duties as required by the FLSA.

22.

Beginning in August 2013 and continuing through his termination on February 29, 2016, Defendants failed to pay Mr. Winston the required minimum wage for performing his duties as required by the FLSA.

23.

On three separate occasions, Defendants denied Mr. Winston's request for the required pay for performing his duties.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA") FOR OVERTIME PAY

24.

Paragraphs 1-23 are hereby re-incorporated and re-alleged as though fully set forth herein.

25.

Mr. Winston routinely worked in excess of 40 hours a week during his employment with Defendants in the various capacities. Mr. Winston regularly worked seven (7) days per week.

26.

Defendants failed to pay Mr. Winston overtime wages for time spent working as a Studio Manager, Event Planner, and Production Coordinator.

27.

Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Mr. Winston in accordance with 203 and 207 of the FLSA.

28.

As a direct and proximate cause of the Defendants' conduct, Mr. Winston has been damaged and is entitled to the relief set forth in the prayer for relief below.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")**
**FOR MINIMUM WAGE COMPENSATION**

29.

Paragraphs 1-28 are hereby re-incorporated and re-alleged as though fully set forth herein.

30.

Defendants paid Mr. Winston to work five (5) days each week. However, Defendants routinely required Mr. Winston to work seven (7) days each week and at various hours each day, as reflected above.

31.

Since Mr. Winston was required to work seven (7) days each week, his hourly rate decreased below the required minimum wage for the State of Georgia.

32.

Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay minimum wage compensation to Mr. Winston in accordance with 203 and 206 of the FLSA.

33.

As a direct and proximate cause of the Defendants' conduct, Mr. Winston has been damaged and is entitled to the relief set forth in the prayer for relief below.

**PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Winston demands a **TRIAL BY JURY** and that the following relief be granted:

a. Declaratory Judgment that Defendants have violated The Fair Labor Standards Act by failing to pay overtime compensation to Mr. Winston;

b. Declaratory Judgment that Defendants have violated The Fair Labor Standards Act by failing to pay the required minimum wage to Mr. Winston;

c. Liquidated damages in an additional amount equal to back pay and benefits in accordance with 29 U.S.C. §216(b);

d. Attorney's fees and costs of litigation pursuant to 29 U.S.C. §216(b);

e. Prejudgment interest; and

f. Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 27th day of October, 2016.

**PRIOLEAU & MILFORT, LLC**

/s/ Oscar E. Prioleau, Jr.
Oscar E. Prioleau, Jr.
Georgia Bar No. 588510
Email: oscar@pmlawteam.com
271 17th Street, N.W., Suite 520
Atlanta, Georgia 30363
(404) 526-9400 phone
(404) 880-9360 fax

**YORK BOWMAN LAW, LLC**

/s/ Lisa York Bowman
Lisa York Bowman
Georgia Bar No. 423022
Email: lisa@yorkbowmanlaw.com
400 Perimeter Center Terrace, Suite 900
Atlanta, Georgia 30346
(678) 771.3268 phone
(678) 771.3268 (fax)

*Attorneys for Plaintiff*
*Johnnie R. Winston, III*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ Lisa York Bowman
Lisa York Bowman, Esq.
Georgia Bar No. 423022