**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHNNIE R. WINSTON, III,<br><br>Plaintiff,<br><br>v.<br><br>KANDI BURRUSS-TUCKER AND KANDI KOATED ENTERTAINMENT, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:16-cv-04018-AT |

**<u>DEFENDANTS' INITIAL DISCLOSURES</u>**

Defendants Kandi Burruss-Tucker ("Ms. Burruss-Tucker") and Kandi Koated Entertainment, Inc. ("Kandi Koated Entertainment") (collectively, "Defendants"), by and through their undersigned counsel, make the following initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1A. Defendants make these disclosures subject to their right to protect from disclosure (a) communications covered by the attorney–client privilege, (b) attorney work product, and (c) any confidential information until the entry of a suitable protective order to protect the information's confidentiality. These disclosures are based on the information reasonably available to Defendants, and Defendants reserve the right to

later supplement or correct its disclosures under Federal Rule of Civil Procedure 26(e).

**(1)** If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

Ms. Burruss-Tucker and Kandi Koated Entertainment have been properly identified.

**(2)** Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

Defendants do not contend that any additional parties are necessary to this action or that there is a question of misjoinder.

**(3)** Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

Defendants have not asserted any counterclaims or crossclaims in this matter. Defendants offer the following facts in support of their defense.

Plaintiff alleges that he was employed by Defendants and is entitled and due unpaid minimum wage and overtime compensation.

Defendants assert that Ms. Burruss-Tucker is not an employer under the Fair Labor Standards Act of 1938 ("FLSA"), and thus, Plaintiff was never employed by Ms. Burruss-Tucker. Rather, Plaintiff performed services for Kandi Koated

Entertainment, of which Ms. Burruss-Tucker is the CEO.

Plaintiff worked with Kandi Koated Entertainment from approximately August 3, 2013 through February 29, 2016. During this time, Plaintiff's main duties included assisting with the day-to-day operations of the Kandi Factory (an entertainment studio), assisting with the coordination of vendors for Ms. Burruss-Tucker's wedding in April 2014, and assisting with the planning and operation of events hosted and run by Kandi Koated Entertainment. Plaintiff was, at all times, however, exempt from the overtime requirements of the FLSA and/or was properly paid for all hours worked.

Plaintiff was an independent contractor for Defendant Kandi Koated Entertainment. Plaintiff could, and did, control his own schedule, including the days on which he worked, the hour at which he began work, and the time at which he ceased work. Plaintiff could, and did, decline to perform certain tasks. Plaintiff also ran his own event planning, event design, and catering business in addition to performing work for Kandi Koated Entertainment. He was permitted, and did, take jobs through his own business throughout the period of time that he provided services to Kandi Koated Entertainment. Further, Plaintiff used equipment located at the Kandi Factory to perform work for Kandi Koated Entertainment as well as other businesses for which he worked.

Kandi Koated Entertainment fairly compensated Plaintiff with a set amount for every week he worked as an independent contractor. Plaintiff was not an employee, as Plaintiff was able to come and go as he pleased; was able to and did take additional work for himself through his own business; used his position with Kandi Koated Entertainment to market himself to customers for his own business; and turned down opportunities to work offered by Kandi Koated Entertainment.

Defendants therefore deny that Plaintiff has a legitimate or meritorious cause of action for unpaid wages or overtime under FLSA. Defendants further deny that they committed any willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a) or that Plaintiff is entitled to any damages pursuant to 29 U.S.C. § 216(b).

Defendants have also asserted a number of defenses in their Answer to Plaintiff's Complaint, and these defenses are subject to further investigation and discovery. Defendants reserve the right to further develop the factual basis for these defenses and any others that may arise during the course of this litigation.

**(4)** Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

In addition to the general common-law principles governing the defenses asserted in Defendants' Answer to the Complaint, Defendants submit that the following authorities are illustrative of the legal principles applicable to this action:

- Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. and related case law for the claims and defenses in this case;
- 29 C.F.R. § 541.200 *et seq*. and related case law for the claims and defenses in this case;
- 29 C.F.R. § 778.0 *et seq*. and related case law for the claims and defenses in this case;
- *Shaw v. Bank of Am., N.A.*, No. 1:08-cv-2819-WSD, 2010 WL 11053217 (N.D. Ga. July 29, 2010); and
- Case law regarding the difference between independent contractors and employees, including the interpretation of federal rules addressing independent contractors and employees, including but not limited to *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308 (11th Cir. 2013); *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 944 (11th Cir. 2012) *cert. denied*, 134 S. Ct. 62 (U.S. 2013); *Freund v. Hi-Tech Satellite, Inc.*, 185 F. App'x 782, 784 (11th Cir. 2006); *Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308 (5th Cir. 1976); *Stevenson v. Great Am. Dream, Inc.,* No. 1:12-CV-3359-TWT, 2013 WL 6880921 (N.D. Ga. Dec. 31, 2013).

As Defendants' factual investigation continues and as developing facts will necessarily impact the application of precise law, Defendants will assert and rely upon additional legal authority and principles as necessary.

**(5)** Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

*See* Attachment A. Defendants also reserve the right to rely upon information and testimony provided by or obtained from individuals identified by Plaintiff.

**(6)** Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

At the present time, Defendants have not identified any expert witnesses who may be used at trial to present evidence. Defendants will supplement this response as appropriate under the Rules.

**(7)** Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

*See* Attachment C. Defendants will produce copies of the listed documents after a protective order has been entered.

Defendants also reserve the right to rely upon documents, records, tangible things, or electronically stored information in the possession, custody, and control of Plaintiff and non-parties.

**(8)** In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Defendants are not claiming any damages at this time, but Defendants reserve the right to seek the recovery of their attorneys' fees and other costs of litigation as appropriate and permitted by applicable law.

**(9)** If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

Not applicable.

**(10)** Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

Defendant Kandi Koated Entertainment will produce copies of the applicable insurance agreement, if any, after an appropriate protective order has been entered.

Respectfully submitted this 28th day of December, 2016.

*s/ Allegra J. Lawrence*
Precious Anderson (GA Bar 017783)
THE ANDERSON FIRM, LLC
1100 Spring Street, Suite 730
Atlanta, Georgia 30309
Telephone: 404.521.1111
Facsimile: 404.521.1919
panderson@theandersonfirm.com

Allegra J. Lawrence (GA Bar 439797)
Victoria C. Smith (GA Bar 836602)
LAWRENCE & BUNDY LLC

1180 West Peachtree Street N.W., Suite 1650
Atlanta, Georgia 30309
Telephone: 404.400.3350
Facsimile: 404.609.2504
allegra.lawrence-hardy@lawrencebundy.com
victoria.smith@lawrencebundy.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2016, I electronically filed the foregoing **DEFENDANTS' INITIAL DISCLOSURES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:


Oscar E. Prioleau, Jr.
PRIOLEAU & MILFORT, LLC
271 17th Street, N.W., Suite 520
Atlanta, Georgia 30363
oscar@pmlawteam.com

Lisa York Bowman
YORK BOWMAN LAW, LLC
400 Perimeter Center Terrace, Suite 900
Atlanta, Georgia 30346
lisa@yorkbowmanlaw.com


*/s/ Victoria C. Smith*
Victoria C. Smith

## ATTACHMENT A

1. Plaintiff Johnnie R. Winston, III
   Address Unknown

   Mr. Winston should have knowledge of the facts and circumstances surrounding the allegations contained in the Complaint.

2. Mr. DonJuan Clark
   General Manager, Kandi Koated Entertainment

   Can be contacted through Defendants' counsel:
   Precious Anderson
   THE ANDERSON FIRM, LLC
   1100 Spring Street, Suite 730
   Atlanta, Georgia 30309
   Telephone: 404.521.1111
   Facsimile: 404.521.1919
   panderson@theandersonfirm.com
   Allegra J. Lawrence
   Victoria C. Smith
   LAWRENCE & BUNDY LLC
   1180 West Peachtree Street N.W., Suite 1650
   Atlanta, Georgia 30309
   Telephone: 404.400.3350
   Facsimile: 404.609.2504
   allegra.lawrence-hardy@lawrencebundy.com
   victoria.smith@lawrencebundy.com

   Mr. Clark has knowledge regarding Kandi Koated Entertianment's policies and procedures and the facts and circumstances surrounding Plaintiff's business relationship with and termination of that relationship with Kandi Koated Entertainment.

3. Ms. Kandi Burruss-Tucker
   Chief Executive Officer, Kandi Koated Entertainment

Can be contacted through Defendants' counsel:
Precious Anderson
THE ANDERSON FIRM, LLC
1100 Spring Street, Suite 730
Atlanta, Georgia 30309
Telephone: 404.521.1111
Facsimile: 404.521.1919
panderson@theandersonfirm.com
Allegra J. Lawrence
Victoria C. Smith
LAWRENCE & BUNDY LLC
1180 West Peachtree Street N.W., Suite 1650
Atlanta, Georgia 30309
Telephone: 404.400.3350
Facsimile: 404.609.2504
allegra.lawrence-hardy@lawrencebundy.com
victoria.smith@lawrencebundy.com

Ms. Burruss-Tucker has knowledge regarding Kandi Koated Entertianment's policies and procedures and the facts and circumstances surrounding Plaintiff's business relationship with and termination of that relationship with Kandi Koated Entertainment.

**ATTACHMENT C**

1. Plaintiff's personnel file and related personnel documents.

   Location: Counsel for Defendants

2. Documents related to the termination of Plaintiff's business relationship with Kandi Koated Entertainment.

   Location: Counsel for Defendants

3. Copies of relevant policies and procedures of Kandi Koated Entertainment.

   Location: Counsel for Defendants